<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
                             :
BENJAMIN J. THOMAS,          :
                             :
        Plaintiff,           :
                             :   Civil Action No. 13-2560 (NLH)
        v.                   :
                             :           OPINION
S/O II CHRISTY et al.,       :
                             :
        Defendants.          :
_____:
```

Plaintiff Benjamin J. Thomas ("Plaintiff") submitted for filing a civil complaint ("Complaint"), <u>see</u> Docket Entry No. 1, and accompanied it with a complete <u>in forma pauperis</u> application.[1]  <u>See</u> Docket Entry No. 1-1.  Plaintiff's allegations are limited to the following statement:

> Officer Christy stopped my vehicle illegally and threatened me with a weapon putting me in fear of [sic] my life[,] causing me to flee[,] then taking me into custody illegally.  As a result[,] I am still incarcerated[,] and my charact[er is] defamed[.]

Docket Entry No. 1, at 4.[2]

Naming, as Defendants, the Somerdale Police Department and Officer Christy, <u>id.</u> at 4-5, Plaintiff seeks "damages incurred, <u>i.e.</u>, pain and suffering, mental anguish, psychological

---

[1]  The Court, therefore, will grant Plaintiff <u>in forma pauperis</u> status and will direct the Clerk to file the Complaint.

[2]  Plaintiff asserted jurisdiction under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).  However, his claims against a state actor are cognizable under § 1983.

traumatization and lastly monetary compensation for defamation of characture [sic]."  Id. at 7.

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to screen the complaint filed in a civil action where a plaintiff is proceeding in forma pauperis and to dismiss sua sponte any claim found frivolous, malicious, or failing to state a claim on which relief may be granted, or seeking monetary relief from a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).  In screening a pleading, the court must be mindful that

> [t]hreadbare recitals [and] conclusory statements do not suffice . . . . [O]nly a complaint that states a plausible claim for relief survives [review]. Determining whether a complaint states a plausible claim for relief [is]  a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. [Even] where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not "show[n]" – "that the pleader is entitled to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citations omitted).[3]

---

[3] Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), which was previously applied to determine if a federal complaint stated a claim.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  The Court, however, is mindful that a pro se pleading must be construed liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The Erickson rule has remained unaffected by the holding of Iqbal.

2

Here, Plaintiff is asserting: (1) an excessive force claim; (2) a false imprisonment claim; and (3) a defamation challenge. As pled, these challenges are subject to sua sponte dismissal.

The Fourth Amendment guarantees an individual's right to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. Correspondingly, the Fourth Amendment "prohibits a police officer from arresting a citizen except upon probable cause." Orsatti v. N.J. State Police, 71 F.3d 480, 482 (3d Cir. 1995); see also Florida v. Jardines, 133 S. Ct. 1409 (2013); Bailey v. United States, 133 S. Ct. 1031 (2013); Florida v. Harris, 133 S. Ct. 1050 (2013). Thus, to prevail on a claim for false arrest, a plaintiff must prove that the officer defendants lacked probable cause to arrest him. See Groman v. Township of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995). Likewise, a claim for false imprisonment based on the underlying false arrest requires a plaintiff to prove lack of probable cause. See id. at 636. Thus, "[t]he proper inquiry in a Section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988). "[W]hen an officer has probable cause to believe a person committed even a minor crime[,] . . . the balancing of private and public interests is not in doubt [and t]he arrest is

constitutionally reasonable." Virginia v. Moore, 553 U.S. 164, 171 (2008).  Thus, a plaintiff must state "the facts [showing that, under the] circumstances within [the officer's] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by the person to be arrested."[4] Mosley v. Wilson, 102 F.3d 85, 94-5 (3d Cir. 1996); accord Revell v. Port Authority of New York, New Jersey, 598 F. 3d 128, 137 n.16 (3d Cir. 2010).

    Here, Plaintiff merely states that his arrest was "illegal." However, such statement presents a purely conclusory allegation the Court must ignore under the holding of Iqbal.  Therefore, Plaintiff's false arrest challenge, as pled, will be dismissed. However, since he might be able to cure the shortcomings of this challenge by filing an amended pleading detailing the circumstances of his arrest, the Court will dismiss this challenge without prejudice.  See Foman v. Davis, 371 U.S. 178, 182-83 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits").

---

[4] "Probable cause requires more than bare suspicion, but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." Hughes v. Meyer, 880 F. 2d 967, 969 (7th Cir. 1989).

Plaintiff's excessive force and defamation challenges will also be dismissed. "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." Abraham v. Raso, 183 F.3d 279 (3d Cir. 1999). Reasonableness is judged by the totality of the circumstances. See Tennessee v. Garner, 471 U.S. 1, 8-9 (1985). Here, Plaintiff asserts that he was "seized" for Fourth Amendment purposes by being arrested by Officer Christy. See Berg v. County of Allegheny, 219 F.3d 261, 269 (3d Cir. 2000) (defining a Fourth Amendment seizure as occurring when a person is "detained by means intentionally applied to terminate his freedom of movement"). However, as detailed supra, Plaintiff asserts no facts indicative of probative evidence from which a reasonable jury could find that the actions taken by Officer Christy were unreasonable. In fact, the Complaint indicates that, after Plaintiff had tried to run away, Officer Christy merely followed him and took him in custody without exercising any force, moreover an excessive force.

Furthermore, even if the Court were to enlarge the scope of its analysis so to include the claim that, prior to taking Plaintiff into his physical custody, Officer Christy displayed his weapon, Plaintiff's excessive force challenge still fails. See, e.g., United States v. Neff, 300 F.3d 1217 (10th Cir. 2002) (an officer's display of his weapon does not qualify as excessive

5

force if the officer does it when he orders a suspect to stop because such display results from a reasonable belief that a weapon might be needed for the officer's protection).  Since Plaintiff cannot cure the deficiency of his excessive force claim by repleading, that claim will be dismissed with prejudice.

The foregoing analysis leaves the Court solely with Plaintiff's defamation claim.  "[D]efamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." Clark v. Twp. of Falls, 890 F.2d 611, 619 (3d Cir. 1989) (citing Paul v. Davis, 424 U.S. 693, 701-12 (1976)); see also Sturm v. Clark, 835 F.2d 1009, 1012 (3d Cir. 1987) ("Absent the alteration or extinguishment of a more tangible interest, injury to reputation is actionable only under state defamation law") (internal citation omitted).  Here, Plaintiff alleged that, following his arrest, he was criminally charged by the State and remains incarcerated since his arraignment.[5]

---

[5] Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process — when, for example, he is bound over by a magistrate or arraigned on charges.  Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process.  "If there is a false arrest claim, damages for that claim cover the time of detention up until

Because Plaintiff's arrest is divorced from the State's prosecutorial actions or the decisions rendered by Petitioner's court at and after his arraignment, Plaintiff failed to state a federal defamation claim against Officer Christy.[6]

Alternatively, if the Court were to construe Plaintiff's defamation challenge as a state law claim, such claim could be entertained only if Plaintiff establishes a basis for supplemental jurisdiction. Supplemental jurisdiction, however, need not be exercised in the absence of a viable federal cause of action. See 28 U.S.C. § 1367. Here, no viable federal claim

---

issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself."

Wallace v. Kato, 549 U.S. 384 389-90 (2007) (quoting Heck v. Humphrey, 512 U.S. 477, 484 (1994)).

[6] To the extent Plaintiff's challenges could be construed as asserting a malicious prosecution claim, such claim is unripe. To state a prima facie case for a § 1983 claim of malicious prosecution in violation of the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been some deprivation of liberty consistent with a seizure. See Gallo v. City of Phila., 161 F.3d 217, 222 (3d Cir. 1998); Luthe v. Cape May, 49 F. Supp. 2d 380, 393 (D.N.J. 1999). Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are: (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff. See Lind v. Schmid, 67 N.J. 255, 262 (1975). Here, the Complaint makes is clear that, thus far, Plaintiff's criminal proceeding has not terminated in his favor.

has been pled thus far.  Correspondingly, at this juncture, the Court declines to exercise supplemental jurisdiction.[7]  Tarus v. Borough of Pine Hill, 105 F. App'x 357, 361 (2004).

For the foregoing reasons, all Plaintiff's federal challenges against Officer Christy will be dismissed with prejudice except for the false arrest challenge, with regard to which Plaintiff will be granted leave to re-plead.  Plaintiff's challenges against the Somerdale Police Department will also be dismissed with prejudice: for failure to state a cognizable claim, since a police department is not a "person" subject to § 1983 suit.  See Petaway v. City of New Haven Police Dep't, 541 F. Supp. 2d 504, 510 (D. Conn. 2008); PBA Local No. 38 v. Woodbridge Police Dep't, 832 F. Supp. 808, 825-26 (D.N.J. 1993); see also Harper v. Franklin & Marshall College, 2011 U.S. Dist. LEXIS 34298, at *11-12 (E.D. Pa. Mar. 30, 2011); Jones v. Vineland

---

[7] Moreover, the factual predicate suggested in the Complaint does not correlate to the tort of defamation.  Under the state law, a "statement is defamatory if it is false, communicated to a third person, and tends to lower the subject's reputation in the estimation of the community or to deter third persons from associating with him."  W.J.A. v. D.A., 43 A.3d 1148, 1153 (N.J. 2012) (citations omitted).  To prevail on a defamation claim, a plaintiff must assert: (1) a statement that (2) was false, (3) the defendant communicated it to another person, and (4) when the defendant communicated that false statement, he acted negligently or with actual malice.  See G.D. v. Kenny, 15 A.3d 300, 310 (N.J. 2011).  Officer Christy made no statement whatsoever, much less a false statement.  Nor did Officer Christy communicate any statement to a third party and, thus, he could not have been negligent in making such a communication.

8

Police Dep't, 2011 U.S. Dist. LEXIS 19671, at *9 (D.N.J. Feb. 28, 2011).

    An appropriate Order accompanies this Opinion.


                              _s/ Noel L. Hillman_
                              **NOEL L. HILLMAN**
                              **United States District Judge**

Dated: April 25, 2013

At Camden, New Jersey